Shahul Hameed v. Holder

BIA
Laforest, IJ
A093 396 959

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, New York, on the 6th day of September, two thousand thirteen.

PRESENT:
>      ROSEMARY S. POOLER,
>      BARRINGTON D. PARKER,
>      RICHARD C. WESLEY,
>           *Circuit Judges.*

_____

MOHAMED IRFAN SHAHUL HAMEED,
>      *Petitioner,*

>      v.                                    11-2421
>                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>      *Respondent.*

_____

FOR PETITIONER:          Mohamed Irfan Shahul Hameed, *pro se,* Woodside, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Holly M. Smith, Senior Litigation Counsel; John B. Holt,

**Trial Attorney, Office of
Immigration Litigation, United
States Department of Justice,
Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mohamed Irfan Shahul Hameed, a native and citizen of Sri Lanka, seeks review of a May 20, 2011, order of the BIA, affirming an April 13, 2009, decision of Immigration Judge ("IJ") Brigitte Laforest, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mohamed Irfan Shahul Hameed*, No. A093 396 959 (B.I.A. May 20, 2011), *aff'g* No. A093 396 959 (Immig. Ct. N.Y. City Apr. 13, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's opinions, including the portions of the IJ's decision not explicitly discussed by the BIA. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established.

*See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

In addition to the statutory requirement that petitioners exhaust "all administrative remedies," 8 U.S.C. § 1252(d)(1), we also require petitioners to raise specific issues with the BIA that are later raised in this Court, *see Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004). This issue exhaustion requirement is "mandatory" and where, as here, "the government points out . . . that an issue . . . was not properly raised below, [we] must decline to consider that issue," absent an extraordinary situation. *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104,107 n.1 (2d Cir. 2007) (citing *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 52-53 (2d Cir. 2004)).

As the government argues, Shahul Hameed failed to exhaust his challenges to the inconsistencies that formed the basis of the IJ's adverse credibility determination before the BIA. Indeed, the BIA explicitly noted Shahul Hameed's failure to do so, and he does not challenge that finding here. While we *may* consider issues addressed by the BIA that were not raised by an applicant in the course of an appeal, *see Waldron v. INS*, 17 F.3d 511, 515 n.7 (2d Cir.

3

1993), we decline to do so here, as excusing Shahul Hameed's failure to exhaust would not serve the purposes of issue exhaustion, *see Theodoropoulos v. INS*, 358 F.3d 162, 171 (2d Cir. 2004) ("[A]t least one of the purposes served by the exhaustion requirement contained in § 1252(d) is to ensure that the INS, as the agency responsible for construing and applying the immigration laws and implementing regulations, has had a full opportunity to consider a petitioner's claims before they are submitted for review by a federal court.").

Given that Shahul Hameed's asylum, withholding of removal, and CAT claims shared the same factual predicate, he has not shown that the agency erred in finding him ineligible for relief due to his lack of credibility. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4